McGuire, Thomas F., J.
The plaintiffs, Lighthouse Masonry, Inc. and its president, Paul Alves,[1] have brought this action challenging Lighthouse’s debarment from bidding on and contracting to construct public works projects. The defendants issued a notice of debarment based on the contention that the plaintiffs were late in paying a $500.00 fine. The plaintiffs contend that the $500.00 fine was paid on time because it was paid within thirty days following entry of judgment in the Superior Court, following the Supreme Judicial Court’s rescript, which upheld the fine. Lighthouse is currently the low bidder on a $1,754,000.00 masonry subcontract for a courthouse construction project in the town of Greenfield. The *107 order of debarment prevents Lighthouse from executing a contract for that work.
The plaintiffs seek a preliminary injunction under rule 65 of the Massachusetts Rules of Civil Procedure, enjoining their debarment from bidding on and contracting for public works projects pending the final resolution of this action. The defendants oppose the motion.
FACTS
The following facts are taken from the Plaintiffs’ verified complaint and the affidavit of the plaintiffs’ attorney. The defendants have not filed any affidavits and do not dispute the plaintiffs’ basic factual allegations.
On July 12, 2006, the Attorney General issued a citation to the defendants imposing a $500.00 civil penalty for an “unintentional” violation of the Prevailing Wage Act, G.L.c. 149, §27. The reverse side of the citation included the following instructions for payment of the fine:
In accordance with Massachusetts General Law chapter 149, sections 27C(b)(6) and (7), failure to pay any civil penalty within 21 days of receipt of this citation will result in a one-year debarment from bidding on public works projects and a lien for the amount of such penalty and any restitution ordered, plus 18% interest upon the real estate or personal property of the person who has failed to pay such penalty and may result in a criminal prosecution and/or stop work order unless a notice of appeal has been filed with the Attorney General and the Division of Administrative Law Appeals within 10 days of receipt of this citation.
Heafitz Affidavit, Exhibit 2 (emphasis in original).
The plaintiffs challenged the citation before the Division of Administrative Law Appeals (“DALA”), which upheld the fine. The plaintiffs then sought judicial review in the Superior Court pursuant to the Administrative Procedure Act, G.L.c. 30A, §14. The Superior Court (Kaplan, J.) affirmed DALA’s decision [29 Mass. L. Rptr. 492). The plaintiffs then sought appellate review of the Superior Court decision.
The Supreme Judicial Court granted direct appellate review of the case and affirmed the decision of the Superior Court. The Supreme Judicial Court’s decision was issued on December 31, 2013. The Superior Court entered judgment on February 7, 2014, following receipt of the rescript from the Supreme Judicial Court.
On February 24, 2014, the defendants sent a letter to the plaintiffs’ attorney giving notice that the plaintiffs were debarred from bidding on or contracting for work for any public works project for one year. The defendants relied on the following statutory language:
[Ajny contractor or subcontractor failing to comply with the requirements set forth in such citation or order, or a final court order, whichever is later, shall be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies or political subdivisions for the construction of any public building or other public works, or from performing any work on the same as a contractor or subcontractor, for a period of one year from the date of issuance of such citation or order.
G.L.c. 149, §27C(b){3).
The plaintiffs paid the fine on February 26, 2014.
The plaintiff, Lighthouse Masonry, Inc., is primarily engaged in public construction work. It is presently the low bidder for a masonry subcontract on a project involving the construction of a courthouse in Greenfield. As a result of debarment, the plaintiffs are unable to contract for work on the Greenfield courthouse and other public works projects.
ANALYSIS
‘To succeed in an action for a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiffs likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction. Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). When, as here, a party seeks to enjoin governmental action, the court also considers whether the relief sought will adversely affect the public. Commonwealth v. Mass. CRINC, 392 Mass. 79, 89 (1984).” Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001).
1) Likelihood of Success
Under G.L.c. 149, §27C(b)(3), debarment is imposed on “any contractor or subcontractor failing to comply with the requirements set forth in [a] citation or order, or a final court order, whichever is later .. .”[2] The issue, therefore, is whether the plaintiffs violated requirements “set forth” in the citation or a final court order.
The citation issued to the plaintiffs by the Attorney General required payment of the $500.00 civil penally “within 21 days of receipt of this citation . . . unless a notice of appeal has been filed with the Attorney General and the Division of Administrative Law Appeals ...” The plaintiffs timely filed an appeal of the citation to DALA. Thus, the plaintiffs’ failure to pay the civil penalty within twenty-one days of their receipt of the citation was not a violation of the terms set forth in the citation.
The language in the citation does not expressly “set forth” a deadline for payment after judicial review. However, the language of the citation, when read in conjunction with the language of Section 27C(b)(3), could reasonably be understood to mean that the obligation to pay the civil penally was extended to twenly-one days after the final court order affirming the penalty. Assum *108 ing there was such a deadline “set forth” in the citation, the plaintiffs met it. The plaintiffs paid the civil penalty on February 26, 2014, which was nineteen days after the entry of the Superior Court judgment dismissing their complaint for judicial review.[3], [4]
The Attorney General contends that the plaintiffs were required to pay the civil penalty on December 31, 2013, which was the day the Supreme Judicial Court issued its decision upholding the citation. The Attorney General does not clearly articulate a reason for concluding that December 31, 2013 was the payment deadline. The Attorney General merely contends that the decision became final on that date. Even if the decision issued on that date were final (which it was not, see Mass.R.App.P. 23 &28), that would not trigger debarment under G.L.c. 149, §27C(b)(3). Debarment is imposed under Section 27C(b)(3) only where a party violates a requirement “set forth in such citation or order, or a final court order, whichever is later...” The decision issued by the Supreme Judicial Court did not “set forth” a deadline for payment. Therefore, the plaintiffs’ payment of the civil penally nineteen days after entry of the Superior Court judgment following rescript was not a violation of any requirement “set forth” in the Supreme Judicial Court’s order.
Since the plaintiffs did not violate any requirement “set forth” in the citation or a final court order, they are not subject to debarment under G.L.c. 149, §27C(b)(3). It is likely, therefore, that the plaintiffs will prevail in this action.
2)Irreparable Harm to the Plaintiffs
If an injunction is not granted, the plaintiffs will not be able to bid on and potentially win public works contracts. Since it would be impossible to know what contracts the plaintiffs would have won had they been allowed to bid, it would be impossible for them to recover lost profits in an action at law. Their loss due to wrongful debarment would be irreparable. Compare, Petricca Construction Company v. Commonwealth, 37 Mass.App.Ct. 392, 399 (1994) (since lost profits are not recoverable in action challenging unlawful rebidding, injunctive relief is proper).
In addition, since construction of public works is the plaintiffs’ main business, debarment is likely to threaten the plaintiffs’ continued commercial viability. In such cases there is no adequate remedy at law. Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 227-28 (2001); Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 399 Mass. 640, 643 (1987).
3)Balance of the Harms
In light of the strong likelihood that the plaintiffs will prevail in this action the balance of the potential harm to each party clearly tilts in favor of granting the injunction. Without an injunction, the plaintiffs are unlikely to continue in business. If an injunction issues, however, there will be no harm to the Commonwealth. To the contrary, the Commonwealth may be able to save taxpayer money by awarding the Greenfield courthouse project to the plaintiffs, who are the apparent low bidders.
4)Public Interest
The Attorney General contends that issuance of an injunction will harm the public interest by “relieving Lighthouse of any punishment . . .” Defendants’ Opposition, p. 9. That is clearly untrue. The plaintiffs have already paid the fine imposed by the defendants. The Attorney General also argues that issuance of the requested injunction “would harm the public interests in ensuring the integrity of the public construction system.” Id. That seems unlikely considering that the case involves a $500.00 fine for an unintentional violation.[5]
ORDER
The plaintiffs’ motion for a preliminary injunction is ALLOWED. The defendants are ENJOINED from taking any action to debar the plaintiffs from bidding on or contracting for public works projects, pending further order of the court. The Attorney General shall forthwith give notice of this order to all government and private parties that it notified of the plaintiffs’ debarment.

The plaintiffs have advised the court that “Peter” Alves, as appearing in the caption and verified complaint, is a misnomer. The plaintiffs name is Paul Alves. The citation issued to the plaintiffs by the defendants incorrectly referred to him as Peter Alves.

In their Opposition, the defendants misquote the statute by omitting the words “. . . or a final court order, whichever is later . . .” Defendants’ Opposition, p. 3. There is no indication in the quotation that words have been omitted from the statute.

The defendants’ Opposition asserts that the Superior Court judgment “was entered on the trial court’s docket on February 3, 2014 . . .” Defendant’s Opposition, p. 5. That statement is untrue. Both the judgment itself and the Superior Court’s docket show that the judgment was entered on the docket on February 7, 2014. Verified Complaint, Exhibit 6 (Judgment After Rescript). Defendants’ Opposition, Exhibit 7 (Superior Court Docket, Paper 41).

The plaintiffs contend that the deadline for payment is established by G.L.c. 149, §27C(b)(6), which is referenced in the citation. That subsection imposes a deadline of thirty days after the decision of the DALA hearing officer “excluding any time during which judicial review of the hearing officer’s decision remains pending . . .” Id. However, that subsection governs the Attorney General’s application for a criminal complaint or indictment. It is not clear whether the Attorney General also intended to adopt that deadline for debarment purposes by referring to it in the citation.

The Attorney General invites the court to deny the injunction because there are other cases pending before DALA involving the plaintiffs. The Attorney General has not provided the court with any details regarding those cases. Since those cases remain pending, the validity of any charges that may have been brought against the plaintiffs in those cases has not been determined. The court therefore declines the Attorney General’s invitation to rule against the plaintiffs based on these unknown and unresolved allegations.